# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| KAREN LASMARIAS, <br><br> Plaintiff(s), <br><br> v. <br><br> UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA, et al., <br><br> Defendant(s). | Case No.: 2:18-cv-01851-JCM-NJK <br><br> **ORDER** <br><br> (Docket No. 37) |

Pending before the Court is the parties' stipulation to amend discovery plan. Docket No. 37. Discovery in this case has been stayed since February 26, 2019. *See* Docket No. 25. However, in an order issued concurrently herewith, the Court lifts that stay. *See* Docket. The parties now seek to amend the discovery plan in this case to provide a discovery period of 240 days, measured from July 31, 2020. Docket No. 37 at 2.

The Court is sympathetic to the challenges of practicing law in the current environment. When a specific showing has been made that established deadlines cannot be met in a particular case (e.g., because out-of-state depositions cannot move forward with travel or other restrictions), the Court has found good cause for extension. However, the parties' stipulation provides only that "all of the parties and most, if not all, of the witnesses are medical providers" and thus, due to the pandemic, their "availability . . . for depositions and other discovery matters may be subject to sudden and unforeseen delays." Docket No. 37 at 2. This speculative sentence fails to establish that deadlines consistent with a presumptively reasonably discovery period **cannot** be met in this case. Moreover, it is unclear to the Court whether the parties have accounted for the 32 days of discovery between when the Court issued the scheduling order in this case and when discovery was stayed. *See* Docket Nos. 21, 25. Thus, the Court finds that the facts of the case do not

constitute a need for special scheduling. While the current pandemic certainly may constitute such need, the parties must make a specific showing that establishes that presumptively reasonable discovery deadlines cannot be met in this case.

Accordingly, the Court **DENIES** without prejudice the parties' stipulation. Docket No. 37. The parties must file a revised stipulation to amend the discovery plan by August 6, 2020. To the extent that special scheduling review is sought therein, a specific showing must be made as to why the presumptively reasonable discovery deadlines should not apply based on the particular circumstances of this case. Otherwise, the parties must include the default deadlines, properly calculated from July 31, 2020.

IT IS SO ORDERED.

Dated: August 3, 2020

_____
Nancy J. Koppe
United States Magistrate Judge

2