UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KAREN LASMARIAS, | Case No. 2:18-CV-1851 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA dba UNIVERSITY MEDICAL CENTER, et al., | |
| Defendant(s). | |

Presently before the court is the matter of *Lasmarias v. University Medical Center of Southern Nevada et al.*, case number 2:18-cv-01851-JCM-NJK.

I.  **Background**

On July 19, 2021, the court held a hearing to determine whether to grant plaintiff Karen Lasmarias's counsel's motion to withdraw as counsel for Lasmarias in this matter. (ECF Nos. 48, 50). Thereafter, the court granted the motion and instructed Lasmarias that she had until August 20, 2021, to either retain new counsel or to file a notice of intent to proceed pro se. (ECF No. 50). Lasmarias failed to do either.

On August 24, 2021, the court ordered Lasmarias to file either a notice of appearance of counsel or a notice that of intent to proceed pro se by September 24, 2021. (ECF No. 53). Lasmarias again failed to do either. So, on September 29, 2021, the court ordered Lasmarias to show cause, no later than October 29, 2021, as to why the court should not issue sanctions against her for violating the court's orders. (ECF No. 54). To date, Lasmarias has failed to show cause.

**James C. Mahan**
**U.S. District Judge**

On October 27, 2021, and October 28, 2021, defendants University Medical Center and Hellene Lopez filed separate motions for summary judgment against Lasmarias. (ECF Nos. 55, 57). Lasmarias failed to respond to either motion.

The court now determines how to proceed in this matter.

## II. Legal Standard

Pursuant to District of Nevada Local Rule 7-2(d), "the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." LR 7-2(d). Thus, by failing to file a timely response, a party consents to the granting of an adverse motion. *See United States v. Hvass*, 355 U.S. 570, 574–75 (1958) (holding that local rules have the force of law).

A court cannot, however, grant a summary judgment motion merely because it is unopposed, even where its local rules might permit it. *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 949-50 (9th Cir. 1993); *see also Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003) (a district court cannot grant a motion for summary judgment based merely on the fact that the opposing party failed to file an opposition).

Even without an opposition, the court must apply standards consistent with Federal Rule of Civil Procedure 56, determining if the moving party's motion demonstrates that there is no genuine issue of material fact and judgment is appropriate as a matter of law. *Henry*, 983 F.2d at 950; *see also Clarendon Am. Ins. Co. v. Jai Thai Enters., LLC*, 625 F. Supp. 2d 1099, 1103 (W.D. Wash. 2009).[1]

Yet, the court also has the inherent power to *sua sponte* dismiss a case for want of prosecution or non-compliance with court orders. *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962); *Pagtalunan v. Galaza*, 291 F.3d 639, 640–43 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

. . .

. . .

---

[1] "[S]ummary judgment cannot be granted by default, even if there is a complete failure to respond to the motion." Fed.R.Civ.P. 56, 2010 cmt. to subdivision (e). The court may only grant summary judgment if "the motion and supporting materials . . . show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

**James C. Mahan**
**U.S. District Judge**

- 2 -

### III. Discussion

Before dismissing an action for failure to comply with a court order, the court considers several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases o[n] their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).

The court's need to manage its docket favors dismissal. There are two potentially meritorious motions for summary judgment against Lasmarias that she failed to oppose. (ECF Nos. 55, 57). The process to grant those summary judgment motions is significantly more arduous than dismissal for failure to comply with the court's orders. Lasmarias's failure to participate in this litigation has forced these motions upon the court despite her consistent failure to comply with the court's orders. *See Pagtalunan*, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants . . . .").

The risk of prejudice to the defendants favors dismissal. To prove prejudice, a defendant must establish that the plaintiff's actions impaired the defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case. *Id.* (citing *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir.1987)). While limited delays do not necessarily constitute prejudice, "unreasonable" delays may. *Yourish*, 191 F.3d at 990 (citing *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir.1984)).

Here, this case has been on the court's docket, and avoided trial, for over three years. Further, four months have passed since the court first ordered Lasmarias to retain counsel or appear pro se. Not only has Lasmarias failed to do so, but she has been completely silent in this matter since July 19, 2021. The last stipulation filed indicated that Lasmarias still had five depositions to set and take. (ECF No. 51). The unreasonable delay in retaining counsel, and thus engaging in discovery, has inherently increased the risk that witnesses' memories have

faded, and that evidence has become stale.  Thus, defendants are at risk of prejudice from Lasmarias's unreasonable delays.

While less drastic alternative sanctions may exist, they would be ineffective to move this matter along.  The court cannot order Lasmarias to participate in this matter any more than it already has.  It cannot impose monetary sanctions for the failure of discovery by Lasmarias.  It cannot strike discovery yet to be taken.  It cannot grant the defendants' motions for summary judgment without unnecessarily wasting time that could be spent deciding on the motions of parties in other matters who are actively prosecuting their cases.  Thus, no less drastic alternative is reasonably available to remedy Lasmarias's non-compliance with the court's orders, and this factor favors dismissal.

"Public policy favors disposition of cases on the merits.  Thus, this factor weighs against dismissal."  *Pagtalunan*, 291 F.3d at 643 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir.1998)).

Four factors favor dismissal of this matter, and one weighs against dismissal.  Therefore, the court holds that this matter be dismissed for failure to comply with the court's orders.  *See id.* at 643.

**IV.    Conclusion**

Accordingly,

This matter is DISMISSED, without prejudice.  The clerk is instructed to close the case.

DATED December 16, 2021.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -